UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**Francis X. McGowan,**             )
                                    )
    **Plaintiff,**                  )
                                    )
    v.                              )  Civil No. 16-cv-00758 (APM)
                                    )
**Pierside Boatworks, Inc.,**       )
                                    )
    **Defendant.**                  )
_____ )

## MEMORANDUM OPINION

### I.     INTRODUCTION

Plaintiff Francis X. McGowan entered into an agreement with Defendant Pierside Boatworks, Inc., a boatyard located in North Charleston, South Carolina, to make repairs to his sailboat, "True Love." When Plaintiff purportedly did not pay for all of the repairs, Defendant recorded a maritime lien against True Love with the United States Coast Guard's National Vessel Documentation Center, a component branch of the Department of Homeland Security. Plaintiff brought this action under 46 U.S.C. § 31343(c)(2) to remove the maritime lien recorded by Defendant, claiming that he had fully satisfied his payment obligations under the parties' agreement. *See* Am. Compl., ECF No. 4.

Before the court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Improper Venue or Lack of Personal Jurisdiction or, in the Alternative, to Transfer for *Forum Non Conveniens*. *See* Def.'s Mot. to Dismiss, ECF No. 5 [hereinafter Def.'s Mot.]. Defendant contends that this matter must be dismissed for two reasons. First, the court lacks personal jurisdiction over Defendant, whose place of incorporation and principal place of business is in South Carolina. Second, Defendant asserts that this court is not the proper venue for this suit under 46 U.S.C.

§ 31343(c)(2), which provides that venue for an action to remove a maritime lien "shall be in the district where the vessel is found or where the claimant resides or where the notice of claim of lien is recorded." Defendant argues that the District of Columbia does not satisfy any of those criteria. Alternatively, Defendant seeks transfer of the case to the U.S. District Court for the District of South Carolina under 28 U.S.C. § 1404(a), because that District is the more convenient forum to litigate this matter.

For the reasons explained below, the court need not decide whether it has personal jurisdiction over Defendant or whether this court is the proper venue under 46 U.S.C. § 31343(c)(2) to litigate this matter. Instead, because the parties' agreement contains a forum-selection clause that requires them to resolve their disputes in a court located in Charleston County, South Carolina, this court will transfer this action to the U.S. District Court for the District of South Carolina pursuant to 28 U.S.C. § 1404(a).[1]

## II.    DISCUSSION

Section 1404(a) authorizes a district court to transfer a civil action to any other district where it could have been brought "for the convenience of parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404(a). In the ordinary case in which the parties' dispute is not subject to a forum-selection clause, Section 1404(a) requires the court to weigh various public-private considerations and to "decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013) (quoting 28 U.S.C. § 1404(a)). The Supreme Court has held, however, that "[t]he calculus changes . . . when the parties' contract

---

[1] Although Defendant asserts that the court lacks personal jurisdiction over it, "[a] court may transfer a case to another district even though it lacks personal jurisdiction over the defendants." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983).

2

contains a valid forum-selection clause." *Id.* In such cases, "a district court should ordinarily transfer the case to the forum specified in that clause," and should deny a transfer motion under Section 1404(a) "[o]nly under extraordinary circumstances unrelated to the convenience of the parties." *Id.* The non-movant bears the burden of demonstrating that such extraordinary circumstances exist and must show "why the court should not transfer the case to the forum to which the parties agreed." *Id.* at 582.

The Supreme Court has long enforced forum-selection clauses in admiralty cases, like this one, under federal law. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590 (1991) ("[T]his is a case in admiralty, and federal law governs the enforceability of the forum-selection clause."). For instance, in *M/S Breman v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972), the court enforced a forum-selection clause contained in an international towing contract, holding that "in the light of present-day commercial realities and expanding international trade we conclude that the forum clause should control absent a strong showing that it should be set aside." *Id.* at 15. Then, in *Carnival Cruise Lines*, the Court affirmed its holding in *M/S Breman* and enforced a forum-selection clause contained in a contract between a cruise-ship operator and a passenger. 499 U.S. at 595. In doing so, the court stated that "[i]t bears emphasis that forum-selection clauses contained in form passage contracts are subject to judicial scrutiny for fundamental fairness," and found no reason to set aside the forum-selection clause. *Id.*

Here, on December 20, 2010, the parties entered into a "Work Order Agreement" for the repair of True Love. *See* Am. Compl., ECF No. 4, ¶ 9; Def.'s Mot., Ex. A, ECF 5-3 [hereinafter Work Order Agreement]. The Work Order Agreement contains a clause entitled "Venue," which provides that "any dispute arising hereunder shall be resolved in Charleston County, South Carolina." Work Order Agreement at 2, ¶ 6. The present litigation plainly is a "dispute" that

3

"aris[es]" under the Work Order Agreement, as it turns on whether Plaintiff fully paid for the repair work done by Defendant. *See* Am. Compl. ¶ 10 (alleging that Defendant had "indicated [to Plaintiff] that [he had] paid in full for all repairs"); Def.'s Mem. in Supp. of Mot. for Summ. J., ECF 5-1, at 3 (disputing that Plaintiff had paid for the cost of all repairs). Thus, the forum-selection clause presumptively demands transfer to the District of South Carolina.

Plaintiff offers no reason to overcome that presumption. Although the Work Order Agreement appears to be a boilerplate contract used by Defendant, Plaintiff has offered no ground to set it aside. *See Carnival Cruise Lines*, 499 U.S. at 593 (enforcing forum-selection clause even though the "passage contract was purely routine and doubtless nearly identical to every commercial passage contract issued"). He does not, for instance, contend that he was unaware of the clause or that the clause was the product of fraud. *See id.* at 595. Nor has Plaintiff demonstrated the "extraordinary circumstances" required under Section 1404(a) to overcome a valid forum-selection clause. *See Atl. Marine Constr. Co.*, 134 S. Ct. at 581-82 (stating that, when there is a valid forum-selection clause, the plaintiff's choice of forum merits "no weight" and the court "should not consider arguments about the parties' private interests"). In deciding whether such extraordinary circumstances exist, "a district court may consider arguments about public-interest factors only." *Id.* at 582. Here, Plaintiff has offered none. Accordingly, the court must transfer this matter to the forum where the parties agreed to resolve their disputes.

## III.   CONCLUSION

For the foregoing reasons, the court grants Defendant's Motion and, pursuant to 28 U.S.C. § 1404(a), will transfer this action to the U.S. District Court for the District of South Carolina to a judge sitting in Charleston, South Carolina.  A separate order accompanies this Memorandum Opinion.

Dated:  October 17, 2016

Amit P. Mehta
United States District Judge