# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| Francis X. McGowan, ) | |
| ) | C.A. No.: 2:16-cv-3529-PMD |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Pierside Boatworks, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This action is before the Court on Plaintiff Francis X. McGowan's motion to dismiss Defendant Pierside Boatworks, Inc.'s counterclaim (ECF No. 18). For the reasons stated herein, Plaintiff's motion is denied.

## BACKGROUND

This matter arises out of repairs Defendant performed on Plaintiff's sailboat, "True Love." When Plaintiff did not pay for all of the costs of the repairs, Defendant filed a maritime lien on the True Love with the United States Coast Guard. Plaintiff filed this action in an effort to remove the lien, and Defendant filed a counterclaim seeking the costs of the repairs performed on Plaintiff's vessel. Plaintiff now seeks to dismiss Defendant's counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that it is time-barred.

## PROCEDURAL HISTORY

Plaintiff filed this action in the United States District Court for the District of Columbia on April 25, 2016. Defendant successfully moved to transfer the case to this Court, and the case was transferred on October 31. Plaintiff then moved to dismiss Defendant's counterclaim on December 22. Defendant responded on January 11, 2017. Plaintiff did not file a reply. Accordingly, this matter is now ripe for consideration.

## LEGAL STANDARD

"A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal . . . ." *Jones v. Bock*, 549 U.S. 199, 215 (2007). The Court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the Court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). "Ordinarily, a defense based on the statute of limitations must be raised by the defendant through an affirmative defense, *see* Fed. R. Civ. P. 8(c), and the burden of establishing the affirmative defense rests on the defendant." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). However, "where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Id.* "This principle only applies, however, if all facts necessary to the affirmative defense 'clearly appear *on the face of the complaint.*'" *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

## DISCUSSION

The outcome of Plaintiff's motion to dismiss turns on the interpretation of the parties' work order contract for repairs to the True Love. That contract contains two relevant provisions for purposes of this motion. First, in a section titled "MARITIME LIEN," the contract provides that "[t]his Agreement is an Admiralty and Maritime Agreement under the General Maritime Laws, Statues [sic]; and Codes of the United States of America between Pierside Boatworks, Inc. . . . and the undersigned vessel owner." (Def.'s Opp'n 12(b)(6) Mot., Ex. 1, Work Order Agreement, ECF No. 22-1, at 2.) Next, in a section titled "VENUE," the contract provides that

"[t]his Agreement shall be construed under and in accordance with the laws of the State of South Carolina. The venue for any dispute arising hereunder shall be resolved in Charleston County, South Carolina." (*Id.*)

Plaintiff assumes that the second quoted provision is the only relevant choice-of-law provision, and thus only South Carolina law applies. In contrast, Defendant argues that general maritime law applies, as specified in the first provision, and is merely supplemented by South Carolina law where applicable. The Court agrees with Defendant.

As the Second Circuit has held, the Court must first determine "whether something is a maritime contract; then, once a contract has been deemed a maritime contract, the next step is determining whether a specific state's laws should be used to *supplement* any area of contract law for which federal common law does not provide." *Williamson v. Recovery Ltd. P'ship*, 542 F.3d 43, 49 (2d Cir. 2008). The inclusion of a choice-of-law provision "does not, by itself, remove the contract from the scope of maritime law." *Id.*

It is clear that the parties' vessel repair contract invokes the Court's admiralty jurisdiction. *See Diesel "Repower," Inc. v. Islander Investments Ltd.*, 271 F.3d 1318, 1322–23 (11th Cir. 2001) ("A contract to repair a vessel invokes admiralty jurisdiction."). Thus, the question becomes whether the choice-of-law provisions require that the Court only apply South Carolina law instead of general maritime law. Specifically, the Court must determine whether the parties intended for South Carolina's three-year statute of limitations to apply in lieu of the maritime doctrine of laches. "In assessing the timeliness of a maritime claim, the doctrine of laches typically applies rather than any fixed statute of limitations." *Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc. v. Dann Ocean Towing, Inc.*, 756 F.3d 314, 318 (4th Cir. 2014). However, the Fourth Circuit has stated that "an otherwise valid choice-of-law provision in a maritime

contract is enforceable and may require application of a jurisdiction's statute of limitations, in lieu of the doctrine of laches, to govern issues regarding the timeliness of claims asserted under that agreement." *Id.* at 315.

Here, the Court is confronted with two choice-of-law provisions that provide for competing law on the question of whether Defendant's counterclaim was timely. Both general maritime law and South Carolina law require that contracts be interpreted in order to give meaning to all of their terms. *Compare Foster Wheeler Energy Corp. v. An Ning Jiang MV*, 383 F.3d 349, 354 (5th Cir. 2004) ("Federal courts sitting in admiralty adhere to the axiom that 'a contract should be interpreted so as to give meaning to all of its terms—presuming that every provision was intended to accomplish some purpose, and that none are deemed superfluous.'" (quoting *Mannesman Demag Corp. v. M/V CONCERT EXPRESS*, 225 F.3d 587, 594 (5th Cir. 2000))), *with Ecclesiastes Prod. Ministries v. Outparcel Assocs., LLC*, 649 S.E.2d 494, 498 (S.C. Ct. App. 2007) (contracts "'will be interpreted so as to give effect to all of their provisions, if practical.'" (quoting *Reyhani v. Stone Creek Cove Condo. II Horizontal Prop. Regime*, 494 S.E.2d 465, 468 (S.C. Ct. App. 1997))). In order to give effect to both choice-of-law provisions, the Court agrees with Defendant that the parties intended for general maritime law to be supplemented by South Carolina state law in the absence of a conflict between the two. Not only does this reading give effect to all of the provisions of the parties' contract, but it is also consistent with general maritime law. *See Andrews v. A W Chesterton Co.*, No. 2:13-cv-2055-RMG, 2015 WL 12831324, at *4 (D.S.C. May 29, 2015) ("State law may be used to supplement federal maritime law as long as state law is 'compatible with substantive maritime policies' and is not 'inconsonant with the substance of federal maritime law.'" (quoting *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 202 (1996))). Ordinarily in the statute of limitations context,

general maritime law looks to the most similar state statute of limitations to establish a presumption of timeliness or untimeliness for purposes of the laches doctrine. *See Venus Lines Agency, Inc. v. CVG Int'l Am. Inc.*, 234 F.3d 1225, 1230 (11th Cir. 2000) ("In admiralty claims, we look to the analogous statute of limitations only as a benchmark in determining whether to apply the doctrine of laches.").

The Court finds that it was the parties' intent to use South Carolina law as the benchmark statute of limitations when determining whether laches applies to Defendant's counterclaim. In South Carolina, the statute of limitations for a breach of contract claim is three years. S.C. Code Ann. § 15-3-530. Applying that statute of limitations to the laches doctrine in this case, there is a presumption that Defendant's claims are untimely because Defendant last sent an invoice for the repairs in 2012. However, any ruling on whether the laches doctrine applies would be inappropriate at this stage because the Court must still consider the remainder of the laches factors set forth in *Dann Ocean Towing, Inc.* The evidence that informs the analysis of those factors is not sufficiently present on the face of the complaint or its attachments for the Court to rule on them at this time. Accordingly, Plaintiff's motion to dismiss must be denied.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiff Francis X. McGowan's motion to dismiss is **DENIED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**February 22, 2017**
**Charleston, South Carolina**